UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SHAW on behalf of
KETRAVION EDWARDS, a minor,

      Plaintiffs,

v.                                                                                  Case No. 05-70087

JO ANNE BARNHART,                                         HONORABLE AVERN COHN
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## MEMORANDUM AND ORDER CLARIFYING TERMS OF ORDER REMANDING CASE BACK TO THE AGENCY

### I. Introduction.

This is a social security case.  Plaintiff Patricia Shaw (Shaw), on behalf of plaintiff Ketravion Edwards (Edwards), Shaw's minor son, appealed from the final determination of the Commissioner of Social Security (Commissioner) that Edwards was not disabled. An Administrative Law Judge (ALJ), after a hearing, determined that Edwards was not entitled to Supplemental Security Income (SSI) benefits.  The Social Security Administration's Appeals Council denied review of the ALJ's decision.

Plaintiffs filed this action for judicial review under 42 U.S.C. § 405(g).  Plaintiffs and the Commissioner filed motions for summary judgment.  They were referred to a magistrate judge to consider.  The magistrate judge issued a report and recommendation (MJRR).  The Court issued an order on March 17, 2006, in which it adopted in part and rejected in part the MJRR, denied the motions for summary judgment, and remanded the case to the ALJ for further proceedings.

On March 24, 2006, the Commissioner filed a motion to amend the judgment, requesting that the Court clarify which statutory basis for remand it relied upon.  There are two bases for remand: (1) a judgment affirming, modifying, or reversing the decision of the Commissioner with additional proceedings required before the ALJ, and with the Court dismissing the civil action ("sentence four" of § 405(g)); or (2) a judgment ordering additional evidence to be taken before the Commissioner, after which the Commissioner would modify or affirm its findings and file any such findings with the Court for immediate review ("sentence six" of § 405(g)).  The motion urged the Court to remand under sentence four.

### II.  Remand Under Sentence Four.

In the decision remanding the case to the ALJ, the Court found that substantial evidence supported the ALJ's decision that Edwards' condition did not meet or medically equal a listed impairment.  The Court identified errors of fact and law in the proceedings before the ALJ, however, on whether Edwards' condition functionally equaled a listed impairment.  The ALJ failed to follow Social Security Regulations in analyzing Shaw's credibility (specifically related to domain #4 of the analysis) and did not consider domain #6 at all.  These errors prevented the Court from coming to any conclusion as to whether substantial evidence supported the ALJ's decision.  Moreover, the Court found that plaintiffs had presented the Court with new and material medical evidence, developed after the ALJ rendered its decision, that should be considered by the ALJ.  The Court, therefore, concluded that remand to the ALJ was proper to correct the errors and consider the additional evidence.

Under both sentence four and sentence six remand, the ALJ would re-open the record to consider any new medical evidence related to Edwards' physical and emotional health.  Sentence four remand also permits the ALJ to correct any errors in the prior proceedings without continuous Court oversight.  Sentence four is the proper basis for remand.  On remand, the ALJ shall consider any new evidence plaintiffs submit.

SO ORDERED.


  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  March 29, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2006, by electronic and/or ordinary mail.


  s/Julie Owens
Case Manager
(313) 234-5160